OPINION OF THE COURT
Martin Schneier, J.
In this case, the plaintiffs learned the hard way that “you can’t judge a book by its cover.”
*694 In 1996, William J. Caunitz, the best-selling author of six novels, died. At the time of his death, he was working on the manuscript of a new book. This manuscript was later completed by his friend Christopher Newman, a lesser-known author, and was published in 1999 as Chains of Command. The cover of the hardcover edition identified, in bold type, William J. Caunitz as its “New York Times Bestselling Author.” Mr. Newman’s contribution of approximately one half of the novel was disclosed in very small type on the copyright page.
Plaintiffs are purchasers of the novel who assert that they were misled into buying the book because they relied on the defendant’s false representation that Mr. Caunitz was its sole author. Defendant moves to dismiss the complaint on the ground that the complaint fails to allege damages. Plaintiffs cross-move to amend the complaint. The cross motion is granted. As amended, the complaint alleges that the plaintiffs were damaged because they purchased books they would not have, but for the defendant’s misrepresentations and, because of the misrepresentations, they paid a premium for those books.
The defendant argues that plaintiffs’ “wrongful purchase” claim is foreclosed by the Court of Appeals decision in Small v Lorillard Tobacco Co. (94 NY2d 43 [1999]). In Small, plaintiffs argued that the defendants concealed the fact that cigarettes were addictive, that plaintiffs would not have purchased defendants’ cigarettes had their addictive qualities been disclosed, and that the plaintiffs, therefore, were entitled to recover the purchase price of the cigarettes (id. at 56). The Court of Appeals dismissed the plaintiffs’ claim stating:
“[P]laintiffs assert that defendants’ deception prevented them from making free and informed choices as consumers. Plaintiffs add that had they known that nicotine was addictive, they never would have purchased cigarettes. They posit that consumers who buy a product that they would not have purchased, absent a manufacturer’s deceptive commercial practices, have suffered an injury under General Business Law § 349. We disagree.
“Plaintiffs’ definition of injury is legally flawed. Their theory contains no manifestation of either pecuniary or ‘actual’ harm; plaintiffs do not allege that the cost of cigarettes was affected by the alleged misrepresentation, nor do they seek recovery for injury to their health as a result of their ensuing addiction [citations omitted]. Indeed, they chose *695 expressly to confine the relief sought solely to monetary recoupment of the purchase price of the cigarettes. Plaintiffs’ cause of action under this statute, as redefined by the trial court and as embraced by them, thus sets forth deception as both act and injury” (id.).
This Court finds that the differences between cigarettes and books make this case distinguishable from Small. Cigarettes are consumable goods which, once consumed, have no residual value. Books, on the other hand, are works of art that have enduring value, the amount of which is based, to some extent, on who the creator is. A buyer of a work of art who has been misled as to who the artist is, has surely suffered damages.
Plaintiffs’ second argument, that defendant was able to command a higher price because of the alleged deception, is expressly permitted by Small (id. n 5).
Accordingly, the defendant’s motion to dismiss the complaint, as amended, is denied.